Zoetop bScott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Robin Ronn, an individual; Spencer Valdez, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>Zoetop Business Co., Ltd., individually and doing business as "Shein", a Hong Kong private limited company; and Does 1-10<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *ET. SEQ.*)<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>Jury Trial Demanded |
|---|---|

Plaintiffs, Robin Ronn and Spencer Valdez, by and through their undersigned attorneys, complain and allege against Defendants as follows:

## NATURE OF ACTION

1. Plaintiffs seek injunctive relief and damages stemming from acts of copyright infringement by Defendants Zoetop Business Co., Ltd., individually and doing business as "Shein," and Does 1-10 (collectively "Defendants").

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, et seq.

3. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

6. Plaintiff Robin Ronn, known professionally as Bates ("Bates"), is an individual residing in Copenhagen, Denmark.

7. Plaintiff Spencer Valdez, known professionally as Taboo ("Taboo"), is an individual residing in Brooklyn, New York.

8. Upon information and belief, Defendant ZOETOP BUSINESS CO., LTD., individually and doing business as "Shein" (collectively "Shein") is a Hong Kong private limited company that is doing business with Los Angeles County and the State of California.

9. Plaintiffs are informed and believe and thereon allege that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed

Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

11. Plaintiffs are informed and believe and thereon allege that Defendants' infringing products bear unauthorized reproductions of the artwork of other artists.

## CLAIMS RELATING TO THE BATES ARTWORK

12. Bates is an internationally renowned artist known for his work in a variety of mediums, including street art that has bene frequently featured and displayed in public places, galleries, and collections in more than 30 countries around the globe, including the United States, China, Germany, France, and Sweden, and has been featured in numerous art books and publications.

13. Bates created and owns all rights to and in the original 2-D artwork depicting the titular "Bates," which is depicted hereinbelow (the "Bates Artwork").

14. The Bates Artwork was first published in Hungary, and is not a United States work within the meaning of 17 U.S.C., § 101.

15. As a result of the foregoing, Bates is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

16. Bates at no time authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Bates Artwork.

17. Prior to the acts complained of herein, Bates widely disseminated the Bates Artwork, including through numerous online features, publications, and social media platforms.

18. Bates is informed and believes and thereon alleges that following his distribution of the Bates Artwork, Shein, Doe Defendants, and each of them created, sold, manufactured, caused to be manufactured, imported, marketed, and distributed products featuring unauthorized reproductions of the Bates Artwork or designs that are substantially similar to the Bates Artwork (hereinafter "Offending Products"). Offending Products include but are not limited to the garments and products sold by Shein, bearing the label "Shein," indicating they were manufactured or otherwise distributed by Shein. All the foregoing acts occurred without Bates's consent.

19. A representative sample of the Bates Artwork, and non-inclusive exemplars of Offending Products, are set forth hereinbelow:

| **Bates Artwork:** | **Offending Products:** |
|---|---|
|  | |

## CLAIMS RELATING TO THE TABOO ARTWORK

20. Taboo is a widely acclaimed artist known for his work in graffiti and street art that has been frequently featured and displayed around the New York area in numerous public fora.

21. Taboo created and owns all rights to and in the original 2-D artwork depicting the titular, "Taboo," which is depicted hereinbelow ("Taboo Artwork").

22. Taboo properly registered the Taboo Artwork with the United States Copyright Office at registration Number VAu 1-283-616, effective as of June 25, 2017.

23. Taboo at no time authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Taboo Artwork.

24. Prior to the acts complained of herein, Taboo widely disseminated the Taboo Artwork, including through online features, publications, and social media posts.

25. Taboo is informed and believes and thereon alleges that following his creation of the Taboo Artwork, Shein, Doe Defendants, and each of them created, sold, manufactured, caused to be manufactured, imported, marketed, and distributed products featuring unauthorized reproductions of the Taboo Artwork or designs that are substantially similar to the Taboo Artwork (hereinafter "Offending Products").

Offending Products include but are not limited to the garments and products sold by Shein, bearing the label "Shein," indicating they were manufactured or otherwise distributed by Shein. All the foregoing acts occurred without Taboo's consent.

26. A representative sample of the Taboo Artwork, and non-inclusive exemplars of the Offending Products, are set forth herein below:

| **Taboo Artwork:** | **Offending Products:** |
|---|---|
| |   |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants)

27. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, had access to the Bates Artwork, Taboo Artwork, Celf Artwork, and Nekst Artwork (collectively, the "Subject Artworks"), including, without limitation, through (a) access to Plaintiffs' numerous online profiles, features, and publications; (b) access to illegally distributed copies of the Subject Artworks by third-party vendors and/or DOE Defendants; (c) access to Subject Artworks as publicly displayed as street art and in numerous galleries and collections.

29. Plaintiffs are informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiffs are further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments and products to said retailers, which garments and products infringed the Subject Artworks in that said garments and products were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Artworks, or were an illegal modification thereof.

30. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Artworks and by producing, distributing and/or selling Offending Products through a nationwide network of retail stores, catalogues, and through on-line websites.

31. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered damages in an amount to be established at trial.

32. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiffs are entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Artworks in an amount to be established at trial.

33. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their elections between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

34. Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

35. Plaintiffs are informed and believes and thereon allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Artworks alleged herein.

36. Plaintiffs are informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they

had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing content at issue. And, Defendants, and each of them, realized profits through their respective infringing activity.

37. Plaintiffs are informed and believe and thereon allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

38. Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint

39. The Subject Artworks were routinely published with attribution, credit, and other copyright management information identifying Plaintiffs as the respective authors.

40. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, removed Plaintiffs' copyright management information from the Subject Artworks, and/or added false copyright management information to the Subject Artworks as reproduced in the Infringing Products attributing them to another artist and/or source, before distributing and publishing same.

41. Upon information and belief, Plaintiffs allege that Defendants, and each of them, widely distributed and published the Subject Artworks through their prominent use on the Infringing Products as they have been widely manufactured and sold bearing other names and brands, and removing Plaintiffs' attribution information.

42. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

43. When Defendants distributed and published the Subject Artworks, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiffs have been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrights in the Subject Artworks;

b. That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiffs be awarded their attorneys' fees as available under the Copyright Act U.S.C. §§ 504, 1203 *et seq.*;

d. That Plaintiffs be awarded pre-judgment interest as allowed by law;

e. That Plaintiffs be awarded the costs of this action; and

f. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

///
///

# JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 25, 2022

Respectfully submitted,

DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
Attorneys for Plaintiffs